**<u>NOT FOR PUBLICATION</u>**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TOMMY B. WARE, JR., | Civil Action No. |
| Plaintiff, | No. 20-1363 (JMV) (MF) |
| v. | **OPINION & ORDER** |
| OFFICER VALERIA SANCHEZ-BERMUDEZ, | |
| Defendant. | |

**VAZQUEZ, District Judge:**

This matter comes before the Court by way of Plaintiff's civil rights Complaint pursuant to 42 U.S.C. § 1983. (D.E. 1.)  The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

According to Plaintiff, Defendant, a police officer, made false statements in connection with Plaintiff's criminal complaint and Grand Jury proceedings. (D.E. 1, at 5–7.)  Plaintiff contends that those false statements, regarding a narcotics transaction, resulted in Plaintiff's wrongful arrest, indictment, and pretrial detention.  At some point after the Grand Jury proceedings, however, Plaintiff obtained video footage of the alleged narcotics transaction.  The video showed that Defendant "had obtained the evidence from an illegal search and seizure," and the prosecutor dismissed[1] the case upon reviewing the video. (*Id*. at 5.)

---

[1] It appears that Plaintiff is currently serving a sentence stemming from unrelated charges.

As a result of these events, Plaintiff contends that Defendant violated his Fourth, Fifth, and Fourteenth Amendment rights. (*Id*. at 6). Additionally, Plaintiff requests "that the defendant be punished . . . for her perjury." (*Id*. at 7).

To the extent Plaintiff alleges that Defendant violated his right to due process under the Fifth Amendment, the Court will dismiss those claims with prejudice. The Fifth Amendment's protection of due process only applies to the federal government and not to local governments or officials, which are at issue here. *Nguyen v. U.S. Catholic Conf.*, 719 F.2d 52, 54–55 (3d Cir. 1983); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) ("the due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials").

 Next, to the extent Plaintiff seeks to press perjury charges, Plaintiff cannot "bring criminal charges in this Court; that power lies solely with the executive branch." *E.g.*, *Telfair v. Post*, No. 18-3842, 2018 WL 3054679, at *12 (D.N.J. June 20, 2018); *see also Gittens v. Scholtz*, No. 18-2519, 2019 WL 3417091, at *11 (D.N.J. July 29, 2019). Courts "have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties," finding that those plaintiffs lack standing or that such relief is simply unavailable in a civil suit. *E.g.*, *Gittens*, 2019 WL 3417091, at *11 (citation omitted). Consequently, to the extent Plaintiff seeks to prosecute Defendant for perjury, the Court will dismiss those claims with prejudice.

The remainder of the Complaint may proceed.[2] Accordingly,

**IT IS** on this 5th day of November 2020,

---

[2] The Court is not expressly or implicitly limiting Defendant's right to assert any potential defenses (including as to potential immunity as to grand jury testimony) as she see fit.

**ORDERED** that Plaintiff's Fifth Amendment and perjury prosecution claims are DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that the remainder of Plaintiff's Complaint may PROCEED; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and corresponding exhibits, and this Opinion and Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

JOHN MICHAEL VAZQUEZ
United States District Judge